Deaderick, J.,
delivered the opinion of' the Court*
This suit was begun March 15, 1871, by Brooks, assignee in bankruptcy of Geo. W. Howard & Co., of Baltimore, Md., before a justice of the peacé, against Bailey, as executor of McMillan, of the firm of Smith & McMillan, upon a note executed by them to Howard & Co., 16th August, 1861, for $363, payable at the counting-room of Howard & Co., at Baltimore.
William E. Cocke, who resided in Tennessee, was a partner in the firm óf Geo. W. Howard & Co., but sold out all his interest to Howard, Cole & • Co., the successors of Geo. W. Howard & Co., in 1867, including the note in controversy.
McMillan died in 1868, and Bailey was appointed his executor in June of that year.
Before the justice of the peace, McMillan’s executor pleaded, in writing, the statute of limitations of two *5 years in favor of executors and administrators, and issue was taken upon this plea.
Several depositions were taken by plaintiff, but upon ■defendant’s exception they were excluded by the justice and judgment was rendered in favor of defendant, from which plaintiff appealed to the Circuit Court, and upon the trial there, judgment was rendered in favor of plaintiff. The depositions were allowed to be read in the Circuit Court, and this is complained of as error by the defendant.
The commissioner certified that the depositions were reduced to writing by him, and the exception taken was, that the depositions were not written by the commissioner, as was apparent from an inspection of the depositions and comparison of the body of them with the commissioner’s signature to the certificate; and defendant offered to prove by experts that the handwri-ing was different, but the court being of opinion that the certificate of the commissioner that he wrote the depositions, was more reliable than the opinion of witness founded upon the comparison of the signature only with the body of the depositions, refused to hear said evidence, and allowed the depositions to be read. Wo do not think there was any error in this — the Circuit Judge having the originals before him, to enable him to judge of them.
Another exception is, that the commissioner, who styles himself in his certificate “a, commissioner for the State of Tennessee, duly commissioned and sworn,” etc. is not an officer authorized under our laws to take depositions.
*6 By sec. 190 of the Code, such a commissioner has power to take the acknowledgment of deeds, etc., and-also to take depositions and affidavits.
It satisfactorily appears that the assignors of the plaintiff, and the plaintiff were all residents of the State-of Maryland at the time of the assignment by Cocke of his interest in the assets of the firm of Howard & Co., and at the time of the death of McMillan, the qualification of his executor, and the institution of this suit before the magistrate. This being so, the statute of limitations of three years, and not that of two years, applied, and being a proceeding instituted before a justice of the peace; it was competent to the plaintiff to-show these facts by proof, and the written plea of the statute of limitations of two years, made an immaterial issue and did not preclude plaintiff from recovering,, if the facts proved showed he was entitled to a recovery.
The jury was sworn to try the matter in controversy, and not the particular and immaterial plea pleaded by the defendant, and the instructions of the court, that the jury were not to be confined to the evidence bearing on the written plea, but were to look to all the evidence in the cause and find accordingly,, was correct.
Upon the whole we are of opinion that the merits-of the case have been reached, and affirm the judgment.